UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

                                                                                    Chapter 7

IDEAL MORTGAGE BANKERS, LTD
a/k/a LEND AMERICA,
a/k/a CONSUMER FIRST LENDING KEY         Case No. 810-79280-dte


                                      Debtor.
------------------------------------------------------------------x

**NOTICE OF TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER:
(a) FINDING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD
ASHLEY TO BE IN CONTEMPT OF THE COURT'S "ORDER: (i) PURSUANT TO
RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
DESIGNATING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD
ASHLEY, JOINTLY AND SEVERALLY, THE PERSONS RESPONSIBLE FOR
PERFORMING THE OBLIGATIONS OF THE DEBTOR HEREIN UNDER THE
BANKRUPTCY CODE; (ii) DIRECTING HELENE DECILLIS, MICHAEL PRIMEAU
AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, TO LOCATE AND
CAUSE TO BE TURNED OVER TO THE TRUSTEE THE BOOKS, RECORDS, FILES,
AND OTHER DOCUMENTS OF THE DEBTOR, AND TO PROVIDE THE TRUSTEE
WITH SUCH INFORMATION AS IS NECESSARY TO LOCATE AND ADMINISTER
THE PROPERTY OF THE ESTATE"; (b) IMPOSING FINES AND SANCTIONS; AND
(c) DIRECTING THAT HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL
HOWARD ASHLEY PAY COSTS AND ATTORNEY'S FEES**

      **PLEASE TAKE NOTICE**, that a hearing will be held on **April 12, 2011, at 10:00 a.m.**, before Judge Dorothy T. Eisenberg, at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, Room 760 (the "<u>Court</u>") on the motion of R. Kenneth Barnard, Esq., the Chapter 7 Trustee of Ideal Mortgage Bankers, Ltd a/k/a Lend America a/k/a Consumer First Lending Key (the "Trustee"), seeking the entry of an Order, pursuant to §105(a) of the Bankruptcy Code and Rules 9020 of the Federal Rules of Bankruptcy Procedure (a) finding Helene Decillis, Michael Primeau and Michael Howard Ashley to be in contempt of the Court's "Order:

(i) Pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, Designating Helene Decillis, Michael Primeau and Michael Howard Ashley, Jointly and Severally, the Persons Responsible for Performing the Obligations of the Debtor Herein under the Bankruptcy Code; (ii) Directing Helene Decillis, Michael Primeau and Michael Howard Ashley, Jointly and Severally, to Locate and Cause to Be Turned over to the Trustee the Books, Records, Files, and Other Documents of the Debtor, and to Provide the Trustee with Such Information as Is Necessary to Locate and Administer the Property of the Estate", (b) imposing fines and sanctions; and (c) directing that Helene Decillis, Michael Primeau and Michael Howard Ashley pay costs and attorney's fees, and (d) granting the Trustee such other, further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, and served upon, so as to be received by, the Law Offices of R. Kenneth Barnard, the attorneys for the Trustee, no later than **April 5, 2011 at 4:00 p.m.**, as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

An objection filed by a party with no legal representation shall comply with section (b) above.

      **PLEASE TAKE FURTHER NOTICE**, that in the event objections are not timely filed, the Court may grant the relief sought in the Motion.

Dated: Babylon, New York
       March 22, 2011

                                              **LAW OFFICES OF**
                                              **R. KENNETH BARNARD**
                                              Attorneys for the Trustee

                              By:    */s/ **R. Kenneth Barnard***
                                              R. Kenneth Barnard
                                              384 West Main Street
                                              Babylon, New York 11702
                                              (631) 661-0906

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                              Chapter 7

IDEAL MORTGAGE BANKERS, LTD
a/k/a LEND AMERICA,
a/k/a CONSUMER FIRST LENDING KEY           Case No. 810-79280-dte


                        Debtor.
-------------------------------------------------------------------x

# TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER:
(a) FINDING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY TO BE IN CONTEMPT OF THE COURT'S "ORDER: (i) PURSUANT TO RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DESIGNATING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, THE PERSONS RESPONSIBLE FOR PERFORMING THE OBLIGATIONS OF THE DEBTOR HEREIN UNDER THE BANKRUPTCY CODE; (ii) DIRECTING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, TO LOCATE AND CAUSE TO BE TURNED OVER TO THE TRUSTEE THE BOOKS, RECORDS, FILES, AND OTHER DOCUMENTS OF THE DEBTOR, AND TO PROVIDE THE TRUSTEE WITH SUCH INFORMATION AS IS NECESSARY TO LOCATE AND ADMINISTER THE PROPERTY OF THE ESTATE"; (b) IMPOSING FINES AND SANCTIONS; AND (c) DIRECTING THAT HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY PAY COSTS AND ATTORNEY'S FEES

**To:    Honorable Dorothy T. Eisenberg**
**United States Bankruptcy Court Judge**
**United States Bankruptcy Court**
**Eastern District of New York**

R. Kenneth Barnard, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Ideal Mortgage Bankers, Ltd a/k/a Lend America, a/k/a Consumer First Lending Key (the "Debtor"), by his attorneys, the Law Offices of R. Kenneth Barnard, hereby seeks the entry of an Order, pursuant to §105(a) of the Bankruptcy Code and Rules 9020 of the Federal Rules of Bankruptcy Procedure (a) finding Helene Decillis, Michael Primeau and Michael

Howard Ashley (the "Responsible Parties") to be in contempt of the Court's "Order: (i) Pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, Designating Helene Decillis, Michael Primeau and Michael Howard Ashley, Jointly and Severally, the Persons Responsible for Performing the Obligations of the Debtor Herein under the Bankruptcy Code; (ii) Directing Helene Decillis, Michael Primeau and Michael Howard Ashley, Jointly and Severally, to Locate and Cause to Be Turned over to the Trustee the Books, Records, Files, and Other Documents of the Debtor, and to Provide the Trustee with Such Information as Is Necessary to Locate and Administer the Property of the Estate" dated February 28, 2011 (the "Responsible Party Order"), (b) imposing fines and sanctions; and (c) directing that Helene Decillis, Michael Primeau and Michael Howard Ashley pay costs and attorney's fees, and (d) granting the Trustee such other, further and different relief as this Court may deem just and proper, and respectfully sets forth and represents the following:

1. On November 30, 2010 (the "Filing Date"), an involuntary petition was filed against the Debtor by Petitioning Creditors, EAM Land Services, LLC, PSS Settlement Services, LLC, Evans National Leasing, Inc., for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. An Involuntary Summons was issued on December 1, 2010. The Involuntary Summons was served on the Debtor on May 25, 2007. An Order to Show Cause seeking the appointment of an Interim Chapter 7 Trustee was filed on December 2, 2010, and after a hearing held on December 13, 2010, an Order was entered granting that motion. By Notice of Appointment dated December 15, 2010, R.

Kenneth Barnard, Esq., was appointed the interim Chapter 7 Trustee. An Order for relief was entered 12/29/10.

3. On February 28, 2011 the Court enter the "Order: (i) Pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, Designating Helene Decillis, Michael Primeau and Michael Howard Ashley, Jointly and Severally, the Persons Responsible for Performing the Obligations of the Debtor Herein under the Bankruptcy Code; (ii) Directing Helene Decillis, Michael Primeau and Michael Howard Ashley, Jointly and Severally, to Locate and Cause to Be Turned over to the Trustee the Books, Records, Files, and Other Documents of the Debtor, and to Provide the Trustee with Such Information as Is Necessary to Locate and Administer the Property of the Estate". The Responsible Party Order was served on Helene Decillis, Michael Primeau and Michael Howard Ashley on March 3, 2011. Despite the requirements of the Responsible Party Order, no documents or property of the estate whatsoever, have been turned over to the Trustee. No Chapter 7 Schedules or Statement of Affairs has been filed. The Responsible parties have not appeared for the 341 meeting. Even the limited records which Helene DeCillis claimed, in response to the Trustee's motion, to have in her possession, have not been turned over.

**BACKGROUND**

4. Debtor was a mortgage lender that participated in mortgage origination programs sponsored by the United States Department of Housing and Urban Development ("HUD"). Debtor had offices in New York and was approved by HUD to do

3

business in forty-eight (48) states and the District of Columbia.

5. In or about October 2009, an action was commenced in the United States District Court for the Eastern District of new York, captioned "United States of America vs Ideal Mortgage Bankers, Ltd A/k/a Lend America, and Michael Howard Ashley", Civil Action No. 09-CV-4484 (the "HUD Action"), seeking to enjoin IDEAL MORTGAGE BANKERS, LTD from originating FHA mortgages. In a 155 page Complaint, the action accused the Debtor of "engaging in four categories of ongoing schemes to defraud the United States", including (i) falsely certifying to HUD that it was complying with its obligations, (ii) intentionally manipulating loan applications for unqualified borrowers, to make it appear that they qualified, (iii) misrepresenting and omitting material facts, and making false certifications concerning loan applications it originated, and (iv) intentionally concealing its scheme.

6. Although MICHAEL HOWARD ASHLEY appeared in the HUD Action, he later entered into a consent decree, under the terms of which he has agree to be permanently enjoined from participating in the origination of HUD/FHA loans.

7. On May 7, 2010, a Default Judgment was signed by Judge Joseph F. Bianco, as against IDEAL MORTGAGE BANKERS, LTD pursuant to which it has also been enjoined from participating in the origination of HUD/FHA mortgages.

8. On or about December 4, 2009, the State of New York Banking Department issued its "Order to Cease and Desist", in which the Debtor was ordered to cease engaging in the activities of a mortgage banker, as that term is defined in §590 of the NY

State Banking Law. The background information contained in the "Cease and Desist" order reveals that on December 2, 2009 Debtor had "six closed but unfunded New York loans totaling $973,601.00", and "that it did not possess sufficient financial resources to fund the six closed but unfunded loans". Moreover, by December 2, 2009, the Debtor's warehouse lender had suspended the use of its credit facility. On February 12, 2010, the State of New York Banking Department issued it "Order of Revocation", pursuant to which the Debtor's authority to act as a mortgage banker in the State of New York was revoked.

9. In December 2009 EAM Land Services, Inc., a title abstract company with which Debtor had conducted business, commenced an action in the Supreme Court of the State of New York against Lend America and related individual defendants by way of Order to Show Cause with a request for a Temporary Restraining Order and a Summons and Verified Complaint captioned "EAM Land Services, Inc. v. Ideal Mortgage Bankers, Ltd., d/b/a Lend America d/b/a Consumer First Lending Key, et al. (the "State Court Action"), Index No. 09-025102. The State Court Action sought to restrain and permanently enjoin all defendants from utilizing, transferring or hypothecating any and all assets of the then corporate entities identified as Ideal Mortgage Bankers, Ltd., d/b/a Lend America d/b/a Consumer First Lending Key, and EAM Settlement Services, Inc. The Honorable Joel K. Asarch, JSC, granted a TRO on December 9, 2009 and the Honorable Stephen A. Bucaria. JSC, later granted an injunction.

10. It was disclosed in the State Court Action, that Debtor had been engaging in a

fraudulent scheme in which it ". . . received the proceeds of certain mortgage loans, without paying off the original loans which were intended to be refinanced." (See Short Form Order entered June 3, 2010, "EAM Land Services, Inc. v Ideal Mortgage Bankers, Ltd. et al", Index No.: 025102/09)

11. It has since been alleged, that in more than 200 instances, the Debtor had made mortgage loan, without paying off the underlying mortgage. The Trustee has been advised that claims presented to title insurance companies for mortgages that ought to have been paid off from the proceeds of the Debtor's loans, will exceed $34,000,000.00.

## THE RESPONSIBLE PARTIES

12. Upon information and belief, prior to the cessation of the day to day operations of the Debtor, MICHAEL HOWARD ASHLEY was employed by Lend America as its Vice President of Sales and Chief Business Strategist, and maintained responsibility for the day to day operations and the management its business.

13. Upon information and belief, at all times relevant hereto, HELENE DECILLIS was the Chief Operating Officer of the Debtor, and maintained responsibility for the day to day operations and the management of Debtor's business.

14. Upon information and belief, at all times relevant hereto, MICHAEL PRIMEAU owned 91% of the issued and outstanding shares of the stock of the Debtor.

15. Upon information and belief, prior to the cessation of the day to day operations of the Debtor, MICHAEL PRIMEAU was employed by Lend America as its President, and maintained responsibility for the day to day operations and the management

its business.

## THE RESPONSIBLE PARTY ORDER

16. By motion dated December 31, 2010, the Trustee moved the Court for an Order (i) pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure, designating Helene Decillis, Michael Primeau and Michael Howard Ashley, jointly and severally, the persons responsible for performing the obligations of the Debtor herein under the Bankruptcy Code; (ii) directing Helene Decillis, Michael Primeau and Michael Howard Ashley, jointly and severally, to locate and cause to be turned over to the Trustee the books, records, files, and other documents of the Debtor, and to provide the Trustee with such information as is necessary to locate and administer the property of the estate. Both Helene Decillis and Michael Howard Ashley appeared by counsel and filed papers in opposition. Michael Primeau did not respond. The matter was heard on February 3, 2011. After hearing the arguments of the parties, the Court granted the Trustee's motion, but directed that the order be settled. The Responsible Party Order was thereafter settled upon the parties, and granted by the Court on February 28, 2011. The Responsible Party Order was thereafter served upon Helene Decillis, Michael Primeau and Michael Howard Ashley on March 3, 2011.

17. The Responsible Party Order requires the Responsible Parties to "collect, amass, account for, and physically turn over, or cause to be turned over to the Trustee, in accordance with the Trustee's instructions, immediately, but in no event later than 5:00 p.m. of the tenth business day following the service of a true copy of this

7

order by first class mail postage prepaid at their last known address, all of the files, records and other documents, including both tangible documents and electronic or digital files, in their actual or constructive possession, custody or control, which affect, relate to, record, reflect or otherwise pertain to the Debtor or any of its transactions, at any time, of every kind and nature." Not a single item or documents has been turned over to the Trustee, although the time to do so has expired.

18. The Responsible Party Order requires the Responsible Parties: "to collect, amass, account for, and physically turn over, or cause to be turned over to the Trustee, in accordance with the Trustee's instructions, immediately, but in no event later than 5:00 p.m. of the tenth business day following the service of a true copy of this order by first class mail postage prepaid at their last known address, all property of the estate, as that term is defined in 11 U.S.C.§542." Not a single item or documents has been turned over to the Trustee, although the time to do so has expired.

19. The Responsible Party Order requires the Responsible Parties: "to collect, amass, account for, and physically turn over, or cause to be turned over to the Trustee, in accordance with the Trustee's instructions, immediately, but in no event later than 5:00 p.m. of the tenth business day following the service of a true copy of this order by first class mail postage prepaid at their last known address, true and complete, sworn to, Chapter 7 Schedules ". No Chapter 7 Schedules have been received by the Trustee.

20. The Responsible Party Order requires the Responsible Parties: "to collect, amass, account for, and physically turn over, or cause to be turned over to the Trustee, in accordance with the Trustee's instructions, immediately, but in no event later than 5:00 p.m. of the tenth business day following the service of a true copy of this order by first class mail postage prepaid at their last known address, all federal, state, and local tax returns (including all schedules, worksheets and attachments), prepared and/or filed for the years 2000 to the present, for or on behalf of the Debtor; each of them personally; and/or for or on behalf of any businesses or other entity entities owned in whole or in part by any of them, or related to the Debtor, or in which they had or could be deemed to have (under any legal theory) any type of legal, equitable or beneficial interest." Not a single item or documents has been turned over to the Trustee, although the time to do so has expired.

21. The Responsible Party Order provides that: "DECILLIS, PRIMEAU and ASHLEY, jointly and severally, are designated as the persons responsible for immediately performing, complying with, and satisfying all obligations and responsibilities of a Chapter 7 Debtor under the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the Eastern District of New York, all orders of this Court, and all applicable regulations of the Office of the United States Trustee, to include, without limitation, preparing the Debtor's schedules and statement of financial affairs and to appear at any scheduled Section 341 meeting of creditors". A 341 meeting was scheduled for 2/28/11. No one appeared on behalf of the Debtor. The meeting was adjourned to 3/15/11. Once again, no one appeared. Moreover, to date

no Schedules and no Statement of Affairs have been filed for the Debtor.

## DAMAGE TO THE ESTATE

22. The failure to comply with the terms of the Responsible Party Order, or to file schedules or turn over information, documents or property of the estate, has impeded the administration of the estate. The absence of schedules of information as to the assets of the estate has inhibited the Trustee's ability to collect or liquidate those assets.

23. Moreover, the estate has incurred legal costs with respect to the instant motion. It is anticipated that the estate will incur not less than eight (8) hours in attorney's fees at a rate of $425.00 per hour for preparation, service and filing of the instant motion, and for appearing in court in support of the motion, resulting in attorney's fees in the sum of $3,400.00. The Trustee proposes that an award attorney's fees in the sum of $3,400.00 is reasonable under the circumstances.

## BASIS FOR RELIEF

24. Section 105(a) of the Bankruptcy Code provides that:

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

25. Section 105 vests the Court with the power to enforce its own orders by virtue of its contempt powers and there is nothing unconstitutional about this exercise. See Gibbons v. Haddad (In re Haddad), 68 B.R. 944 (Bankr.D.Mass. 1987); In re Johns

10

Manville Corp. 26 B.R. 919 (Bankr. S.D.N.Y. 1983). The civil contempt power is necessary to protect "the due and orderly administration of justice and in maintaining the authority and dignity of the court." Railway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980).

26. Rule 9020 of the Bankruptcy Rules of Procedure allows the Court to hear a motion for an order of contempt.

27. It is well settled law that "federal courts possess the inherent equitable power to punish for contempt." D'Orange v Feely 959 F. Supp. 631 (SDNY, 1997) (citing Chambers v. Nasco, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)); See Also, Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980); Milltex Industries Corp. v. Jacquard Lace Co., Ltd., 55 F.3d 34, 38 (2d Cir. 1995); U.S. v. International Brotherhood of Teamsters (IBT), 948 F.2d 1338, 1345 (2d Cir. 1991); Cruz v. Meachum, 159 F.R.D. 366, 368 (D.Conn. 1994); Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 508, n. 11 (S.D.N.Y. 1993). A court's inherent power to sanction those before it "stems from the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of the cases." IBT, 948 F.2d at 1345 (citing Chambers, 501 U.S. at 49).

28. In order to hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific and precise order and knowledge of such order. See Fidelity Mortg. Investors v. Camelia Builders, Inc., 550 F.2d 47, 51 (2d Cir. 1976), cert. denied, 429 U.S. 1093 (1977). "Willfulness is not required and intent

11

is irrelevant because of the remedial and coercive nature of civil contempt." <u>Shillitani v. United States of America</u>, 384 U.S. 364, 368 (1966); <u>In re Damon</u> 40 B.R. 367, 374 (Bankr. S.D.N.Y. 1984). The standard to apply to determine if there is contemptuous activity is clear:

> In order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the Order. <u>Huber v. Marine Midland Bank</u>, 51 F.3d 5 (2d. Cir. 1995).

29. Here, the Responsible Parties were all served with the original motion to designate them. The Responsible Parties Helene Decillis and Michael Ashley both appeared by counsel in opposition to the motion. When the motion was granted, the proposed order was settled on the Responsible Party. Thereafter, when the order was signed it was once again served. As to Helene Decillis and Michael Ashley, the Responsible Party Order was served on them individually and on their respective attorneys. Clearly they understood their obligations, and chose not to comply.

30. As a result, the Trustee has been denied the opportunity to obtain information material to the administration of this case.

31. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order Order, (a) finding Helene Decillis, Michael Primeau and Michael Howard Ashley (the

"Responsible Parties") to be in contempt of the Responsible Party Order, (b) imposing fines and sanctions; and (c) directing that Helene Decillis, Michael Primeau and Michael Howard Ashley pay costs and attorney's fees, and (d) granting the Trustee such other, further and different relief as this Court may deem just and proper together with such other, further and different relief as the Court deems just and proper.

Dated: Babylon, New York
      March 22, 2011

                                  **LAW OFFICES OF**
                                  **R. KENNETH BARNARD**
                                  Attorneys for the Trustee

By:    */s/ **R. Kenneth Barnard***
          R. Kenneth Barnard
          384 West Main Street
          Babylon, New York 11702
          (631) 661-0906

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

                                     Chapter 7

IDEAL MORTGAGE BANKERS, LTD
a/k/a LEND AMERICA,
a/k/a CONSUMER FIRST LENDING KEY         Case No. 810-79280-dte


                           Debtor.
------------------------------------------------------------------x

## CERTIFICATION OF SERVICE

The undersigned, certifies that on March 25, 2011, I served a true copy of the annexed:

(i) **NOTICE OF TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER: (a) FINDING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY TO BE IN CONTEMPT OF THE COURT'S "ORDER: (i) PURSUANT TO RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DESIGNATING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, THE PERSONS RESPONSIBLE FOR PERFORMING THE OBLIGATIONS OF THE DEBTOR HEREIN UNDER THE BANKRUPTCY CODE; (ii) DIRECTING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, TO LOCATE AND CAUSE TO BE TURNED OVER TO THE TRUSTEE THE BOOKS, RECORDS, FILES, AND OTHER DOCUMENTS OF THE DEBTOR, AND TO PROVIDE THE TRUSTEE WITH SUCH INFORMATION AS IS NECESSARY TO LOCATE AND ADMINISTER THE PROPERTY OF THE ESTATE"; (b) IMPOSING FINES AND SANCTIONS; AND (c) DIRECTING THAT HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY PAY COSTS AND ATTORNEY'S FEES;**

(ii) **TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER: (a) FINDING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY TO BE IN CONTEMPT OF THE COURT'S "ORDER: (i) PURSUANT TO RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DESIGNATING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, THE PERSONS RESPONSIBLE FOR PERFORMING THE OBLIGATIONS OF THE DEBTOR HEREIN UNDER THE BANKRUPTCY CODE; (ii) DIRECTING HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY, JOINTLY AND SEVERALLY, TO LOCATE AND CAUSE TO BE TURNED OVER TO THE TRUSTEE THE**

**BOOKS, RECORDS, FILES, AND OTHER DOCUMENTS OF THE DEBTOR, AND TO PROVIDE THE TRUSTEE WITH SUCH INFORMATION AS IS NECESSARY TO LOCATE AND ADMINISTER THE PROPERTY OF THE ESTATE"; (b) IMPOSING FINES AND SANCTIONS; AND (c) DIRECTING THAT HELENE DECILLIS, MICHAEL PRIMEAU AND MICHAEL HOWARD ASHLEY PAY COSTS AND ATTORNEY'S FEES**

by regular mail by placing a copy of the same in a sealed envelope, with postage prepaid thereon, and depositing it in an official depository of the U.S. Postal Service within the State of New York, addressed to those entities listed in the service list, annexed hereto.

Dated: March 25, 2011

*s/ R. Kenneth Barnard*
R. KENNETH BARNARD

*K:\TRUSTEE\IDEAL MORT - LEND AMERICA\designation responsible parties - Contempt motion.wpd*

Helene DeCillis
6 Norris Lane
East Setauket, NY 11773

Michael Primeau
11 Elm St.
Lynbrook, NY 11563-3607

Kevin Keating, Esq.
666 Old Country Rd., Ste 501
Garden City, NY 11530

LaMonica, Herbst & Maniscalco
3305 Jerusalem Ave.
Wantagh, NY 11793

Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722-4437

Michael Howard Ashley
5 Legend Circle
Melville, NY 11747

Joseph R. Conway, Esq.
Lorusso & Conway LLP
300 Old Country Rd, Ste 341
Mineola, NY 11501

Joseph A. Vogel, Esq.
Kravet & Vogel, LLP
1040 Avenue of the Americas, Suite 1101
New York, NY 10018