**YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST THE DEBTOR IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THIS OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED, EXPUNGED OR RECLASSIFIED AS PROVIDED IN THIS OBJECTION. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS**

**SILVERMANACAMPORA LLP**
Special Litigation Counsel to
R. Kenneth Barnard, the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Lon J. Seidman
Justin S. Krell

**Hearing Date: July 17, 2014**
**Time**: **10:00 a.m.**

**Objections Due: July 10, 2014**
**Time**: **4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

IDEAL MORTGAGE BANKERS, LTD.,                Chapter 7
a/k/a LEND AMERICA,                          Case No. 10-79280 (LAS)
a/k/a CONSUMER FIRST LENDING KEY,

                                  Debtor.
---------------------------------------------------------------x

### NOTICE OF HEARING ON TRUSTEE'S OBJECTION TO PROOFS OF CLAIM NOS. 4 AND 27 FILED BY GLOBAL APPRAISAL SOLUTIONS, LLC

**PLEASE TAKE NOTICE**, that by objection dated June 4, 2014 (the "**Objection**") of R. Kenneth Barnard, Esq., the chapter 7 trustee (the "**Trustee**") of the estate of Ideal Mortgage Bankers, Ltd., a/k/a Lend America, a/k/a Consumer First Lending Key (the "**Debtor**"), by his special litigation counsel, SilvermanAcampora LLP, the Trustee will move before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, in his Courtroom at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, Courtroom 760, 290 Federal Plaza, Central Islip, New York 11722, on **July 17, 2014 at 10:00 a.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, for the entry of an order expunging and reclassifying the proofs of claim filed by Global Appraisal Solutions, LLC, and granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that responses and/or objections, if any, to the relief sought in the Objection must be in writing and served so as to be received by: (i) the Clerk

the United States Bankruptcy Court located at Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, with a courtesy copy to the Chambers of the Honorable Louis A. Scarcella, United States Bankruptcy Judge for the Eastern District of New York; (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Justin S. Krell, Esq.; and (iii) The Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, no later than **July 10, 2014 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open court or by the filing of a notice of such adjournment on the docket sheet for the Debtor's case.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Jericho, New York  
      June 4, 2014          **SILVERMANACAMPORA LLP**  
                                  Special Litigation Counsel to R. Kenneth Barnard, Esq., the Chapter 7 Trustee

                                  By: *s/ Lon J. Seidman*  
                                      Lon J. Seidman  
                                  A Member of the Firm  
                                  100 Jericho Quadrangle, Suite 300  
                                  Jericho, New York 11753  
                                  (516) 479-6300

**YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST THE DEBTOR IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THIS OBJECTION.  YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED, EXPUNGED OR RECLASSIFIED AS PROVIDED IN THIS OBJECTION.  YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS**

| | |
|---|---|
| **SILVERMANACAMPORA LLP**<br>Special Litigation Counsel to<br>R. Kenneth Barnard, the Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Lon J. Seidman<br>Justin S. Krell | **Hearing Date: July 17, 2014**<br>**Time**: **10:00 a.m.**<br><br>**Objections Due: July 10, 2014**<br>**Time**: **4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

IDEAL MORTGAGE BANKERS, LTD.,                    Chapter 7
a/k/a LEND AMERICA,                              Case No. 10-79280 (LAS)
a/k/a CONSUMER FIRST LENDING KEY,

                        Debtor.
---------------------------------------------------------------x

**TRUSTEE'S OBJECTION TO PROOFS OF CLAIM NOS. 4 AND 27
FILED BY GLOBAL APPRAISAL SOLUTIONS, LLC**

R. Kenneth Barnard, Esq., the chapter 7 trustee (the "**Trustee**") of the estate of Ideal Mortgage Bankers, Ltd., a/k/a Lend America, a/k/a Consumer First Lending Key (the "**Debtor**"), by his special litigation counsel, SilvermanAcampora LLP, respectfully submits this objection (this "**Objection**") seeking an order expunging and reclassifying the proofs of claim filed by Global Appraisal Solutions, LLC ("**Global**"), and respectfully states as follows:

## BACKGROUND

**The Debtor's Bankruptcy**

1.  On November 30, 2010, an involuntary petition was filed against the Debtor by Petitioning Creditors, EAM Land Services, LLC, PSS Settlement Services, LLC, a/k/a First Choice Settlement, LLC, Evans National Leasing, Inc., and Michael and Kimberly McLean, for relief in accordance with chapter 7 of the Bankruptcy Code in this Court.

2. By Notice of Appointment dated December 15, 2010, R. Kenneth Barnard, Esq., was appointed as the interim chapter 7 trustee of the Debtor's estate, and has since duly qualified and is now the permanent trustee of the Debtor's estate.

3. On December 29, 2010, this Court entered an order for relief in the Debtor's case.

4. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 27 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. § 502.

**Global's Proofs of Claim**

5. The Debtor was a mortgage banker/mortgage lender that originated loans and participated in mortgage origination programs sponsored by the United States Department of Housing and Urban Development ("**HUD**"). The Debtor had offices in New York and was approved by HUD to do business in forty-eight (48) states and the District of Columbia.

6. Upon information and belief, the Debtor engaged the services of Global for the purpose of providing the Debtor with residential appraisals on loans for which the Debtor was the originating lender. Global itself cannot, and does not, provide appraisal services directly to customers. Instead, Global contracts with third-party appraisers to provide appraisal reports.

7. Global alleged that the Debtor failed to pay Global the appraisal fees.

8. In an effort to collect those fees, on or about November 19, 2009, Global commenced an action against the Debtor in the United States District Court for the Eastern District of New York (the "**District Court**") entitled *Global Appraisal Solutions, LLC v. Ideal Mortgage Bankers, Ltd. d/b/a Lend America, et al.*, Case 2:09-cv-05078-JFB-WDW (the "**Global Action**").

9. The Debtor defaulted in the Global Action. As a result, in or around April 2010, Global obtained a prepetition default judgment (the "**Default Judgment**") against the Debtor in the sum of Seven Hundred Sixty Three Thousand One Hundred Fifty Seven Dollars

($763,157.00), plus interest.

10. The Default Judgment provides that the District Court entered the Default Judgment without hearing live testimony and relied only on the sworn affidavit, including exhibits (the "**Holzer Affidavit**") of Laurence Holzer ("**Holzer**"), the managing member of Global. The Holzer Affidavit does not contain an accounting of the damages allegedly suffered by Global, or a detailed description underlying the amount of the Default Judgment. A copy of the Holzer Affidavit is annexed hereto as **Exhibit A.**

11. On February 7, 2011, Global's former counsel, Fellheimer & Elchen LLP ("**Fellheimer**"), on behalf of Global, filed a proof of claim designated on the Debtor's claims register as claim no. 4-1 ("**Claim 4-1**") asserting a secured claim in the amount of Seven Hundred Sixty Five Thousand Two Hundred Ninety-Six and 62/100 ($765,296.62) Dollars against the Debtor on account of the Default Judgment. According to the Amended Global Claim, the Default Judgment was only recorded in the State of New York, County of Suffolk and the Debtor does not own or maintain any real or personal property in the State of New York, County of Suffolk for which the Default Judgment could attach. A copy of the Claim 4-1 is annexed hereto as **Exhibit B**.

12. On November 9, 2011, Fellheimer, on behalf of Global, filed a proof of claim amending the Claim 4-1, which is designated on the Debtor's claims register as claim no. 4-2 ("**Claim 4-2**") (Claim 4-1 and Claim 4-2 are collectively referred to as the "**Original Global Claim**"). Claim 4-1 and Claim 4-2 are essentially the same claim. A copy of Claim 4-2 is annexed hereto as **Exhibit C**.

13. Thereafter, on October 12, 2012, Global, by and through its then counsel, The Law Offices of Marjory Cajoux[1], filed another proof of claim designated on the Debtor's claims register as claim no. 27 (the "**Amended Global Claim**"), asserting a secured claim in the amount of Seven Hundred Sixty three Thousand One Hundred Fifty-Seven and 00/100

---

[1] Upon information and belief, The Law Offices of Marjory Cajoux no longer represents Global.

($763,157.00) Dollars against the Debtor on account of the Default Judgment. The Amended Global Claim does reference the Fellheimer Contingency Claim and is an amount slightly less than the Original Global Claim.[2] A copy of the Amended Global Claim is annexed hereto as **Exhibit D**.

14.   On April 22, 2014, Holzer filed a motion (the "**April Holzer Motion**") seeking relief from the automatic stay and requesting the allowance and payment of the Amended Global Claim as an administrative expense claim.[3] The Trustee intends on filing an objection to the April Holzer Motion substantially contemporaneously with this Objection. (A copy of the April Holzer Motion is annexed hereto as **Exhibit E**.)[4]

## RELIEF REQUESTED

15.   By this Objection, the Trustee seeks the entry of an order: (i) disallowing and expunging the Original Global Claim as amended and superseded by the Amended Global Claim; and (ii) reclassifying the Amended Global Claim from a secured claim to a general unsecured claim.

## BASIS FOR THE RELIEF REQUESTED

16.   Bankruptcy Code §502 provides that a trustee may object to the allowance of a proof of claim filed under Bankruptcy Code §501.[5]

17.   Moreover, Bankruptcy Rule 3007(a) states that:

> [a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing.[6]

**1. The Expungement of the Original Global Claim**

18.   The Original Global Claim should be expunged because it was superseded by the Amended Global Claim. The Amended Global Claim asserts a claim against the Debtor on

---

[2] Upon information and belief, Fellheimer resolved its claims against Global.
[3] Holzer filed the identical motion in Barnard v. Cooper Capital Group Ltd., *et al.*, Adv. Pro. No. 12-08443).
[4] The April Holzer Motion is scheduled to be heard by this Court on June 26, 2014 at 10:00 a.m.
[5] *See* 11 U.S.C. §502.
[6] Fed. R. Bankr. P. 3007(a).

account of the Default Judgment, i.e., the same liability that forms the basis for the Original Global Claim.

19. It is axiomatic that creditors are not entitled to multiple recoveries for a single claim against a debtor. Here, the Original Global Claim was amended and superseded by the Amended Global Claim. Accordingly, the Original Global Claim should be disallowed and expunged as having been amended and superseded by the Amended Global Claim.

### 2. The Reclassification of the Amended Global Claim

20. The Amended Global Claim should be reclassified as a general unsecured claim.

21. The Amended Global Claim is based on the Default Judgment, which was obtained prior to the filing of the involuntary petition in this case and is not secured by any property of the Debtor. Therefore, at best, the Amended Global Claim is a general unsecured claim.

22. Global asserts that the Default Judgment constitutes a secured claim. This is incorrect for the following reasons.

23. First, there is no evidence that Global obtained a security interest in any of the Debtor's assets. Second, according to the Amended Global Claim, the Default Judgment was only recorded in the State of New York, County of Suffolk. The Debtor does not own or maintain any real or personal property in the State of New York, County of Suffolk for which the Default Judgment could attach. The assets recovered by the Trustee in his administration of the Debtor's estate were from: (i) the sale of certain real properties located in the State of New York, County of Queens;[7] (ii) cash settlements of claims that the Debtor's estate held against certain borrowers for which the Debtor was the mortgagee of record; (iii) cash settlements of certain adversary proceedings commenced by the Trustee against third parties; and (iv) the turnover of monies maintained in certain Debtor bank accounts.

---

[7] In his administration of the sale of those real properties, the Trustee obtained judgment lien searches. In reviewing those searches, the Default Judgment, which forms the basis of the Amended Global Claim, was not recorded as a secured claim against those properties.

24.     Accordingly, the Default Judgment underlying the Amended Global Claim never attached to any of the Debtor's assets or property.  Therefore, the Amended Global Claim should be reclassified from a secured claim to a general unsecured claim.

## RESERVATION OF RIGHTS

25.     The Trustee reserves his rights to amend, modify, or supplement this Objection and to file additional objections to the Original Global Claim and/or the Amended Global Claim, or any other claims (filed or not) which may be asserted against the Debtor by Global and/or Mr. Holzer.  The Trustee also reserves his right to object to the Original Global Claim and/or the Amended Global Claim on any other grounds that the Trustee may discover during the pendency of this case.  Nothing contained in this Objection shall be deemed to be an allowance of the Original Global Claim and/or the Amended Global Claim, and Trustee hereby reserves all of the Trustee's rights and remedies against Global and/or Mr. Holzer.

## NOTICE

26.     Notice of this Objection has been provided to the Office of the United States Trustee, the Debtor, Mr. Holzer, Global, Global's former attorneys: (i) Fellheimer; (ii) The Law Offices of Marjory Cajoux; and (iii) Douglas Clemmons, Esq.[8], and all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Trustee submits that no other or further notice is necessary and/or required.

## CONCLUSION

27.     The Trustee has not previously sought the relief requested herein from this or any other Court.

---

[8] In or around December, 2013, Mr. Clemmons contacted our office stating that he represented Global in connection with Global's proofs of claim.  Upon information and belief, Mr. Clemmons no longer represents Global and/or Mr. Holzer.  Although the Trustee believes that Global is not represented by counsel at this time, Fellheimer, The Law Offices of Marjory Cajoux, and Mr. Clemmons are being provided with notice of this Objection out of an abundance of caution.

**WHEREFORE**, the Trustee respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit F**: (i) disallowing and expunging the Original Global Claim as amended and superseded by the Amended Global Claim; (ii) reclassifying the Amended Global Claim from a secured claim to a general unsecured claim; and (iii) for such other, further and different relief as this Court deems just and proper.

Dated: Jericho, New York
June 4, 2014

**SILVERMANACAMPORA LLP**
Special Litigation Counsel to R. Kenneth Barnard, Esq., the Chapter 7 Trustee

By: *s/ Lon J. Seidman*
    Lon J. Seidman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300